18-3558-cr
*United States v. Chambers*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty.

PRESENT:   DENNY CHIN,
　　　　　　RICHARD J. SULLIVAN,
　　　　　　WILLIAM J. NARDINI,
　　　　　　　　　*Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
　　　　　　　　　*Appellee*,

　　　　　-v-　　　　　　　　　　　　　　　　　　　18-3558-cr

JOHN CHAMBERS,
　　　　　　　　　*Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:　　　　　　　　　PAUL M. MONTELEONI, Assistant United States Attorney (Alex Rossmiller *and* Karl Metzner, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:          JARED B. FOLEY, Gallet Dreyer & Berkey, LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant John Chambers appeals from a judgment of conviction entered by the district court on November 21, 2018, following a five-day jury trial, convicting him of bribery, honest services fraud, and conspiracy, in violation of 18 U.S.C. §§ 371, 666, 1343, 1346, and 1349. He was sentenced principally to a term of imprisonment of a year and a day. On appeal, Chambers argues that at trial the district court erroneously excluded evidence of a meeting at which an undercover officer spoke with Chambers's wife. We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues on appeal.

Chambers, a former attorney who specialized in matters involving firearms licenses, was indicted on March 15, 2018 for bribing New York City police officer David Villanueva, who worked in the New York Police Department's firearms licensing division. The indictment alleged that between 2010 and 2015 Chambers bribed Villanueva by giving him cash and gifts in return for favorable treatment with regard to Chambers's clients' firearms matters. Villanueva was arrested in June 2016 and, in a separate criminal proceeding, pled guilty to accepting bribes.

After Villanueva's arrest but before Chambers was indicted, an undercover officer visited Chambers's law firm and met with Christina Chambers -- Chambers's office manager, paralegal, and wife -- about applying for a New York City gun license. The meeting was videotaped by the undercover officer, and nothing illegal or incriminating occurred during the meeting. Before trial, the government moved *in limine* to prevent Chambers from offering the video of the meeting or calling the undercover officer to testify about it. On the first day of trial, the district court granted the government's motion, reasoning that the conversation was irrelevant and, alternatively, that evidence of the meeting constituted impermissible "good-acts" evidence of specific non-criminal conduct.

Toward the end of the government's case, Chambers moved to introduce the video recording of the meeting. The district court denied this request, concluding that the video was irrelevant and unduly prejudicial, and constituted inadmissible hearsay. Chambers was convicted, and this appeal followed.

We review a district court's evidentiary rulings for abuse of discretion, *United States v. McDermott*, 245 F.3d 133, 140 (2d Cir. 2001), and such rulings will only be overturned if they are "arbitrary and irrational," *United States v. White*, 692 F.3d 235, 244 (2d Cir. 2012).

We conclude that the district court did not abuse its discretion in determining that the evidence of the meeting, which took place two years after the charged conduct, was irrelevant. First, Chambers was not present at the meeting, and

thus the conversation shed little if any light on his intent. Second, the undercover officer was purporting to be a walk-in, prospective new client, and therefore any conversation Christina Chambers had with him was not probative of how Chambers or his wife behaved with clients they *knew*. Third, Villanueva had already been arrested for accepting bribes from lawyers in exchange for his assistance in gun licensing matters, and therefore Chambers was likely aware that an investigation was pending.

Moreover, even assuming evidence of the meeting was relevant, the district court did not abuse its discretion in finding that its probative value was substantially outweighed by the danger of confusion and needlessly cumulative evidence. As the district court explained, introduction of the video recording of the meeting could have led to "a lot of confusion for the jury with an undercover [officer] visiting the law office." App'x at 128. The district court also noted that the evidence would have been unduly cumulative because Christina Chambers, who was set to take the stand, was going to provide -- and ultimately did provide -- information about Chambers's law practice. Accordingly, the district court, which was in the best position to evaluate the evidence, *see United States v. Monsalvatge*, 850 F.3d 483, 493 (2d Cir. 2017), did not abuse its discretion.

Finally, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). This Court has long recognized that "[a] defendant may not seek to establish his innocence . . . through proof

-4-

of the absence of criminal acts on specific occasions." *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990). The reasoning behind this rule is straightforward: A single occurrence of lawful conduct is "simply irrelevant" to other occurrences of unlawful conduct. *United States v. Walker*, 191 F.3d 326, 336 (2d Cir. 1999) ("Whether [the defendant] had prepared other, non-fraudulent applications was simply irrelevant to whether the applications charged as false statements were fraudulent."). Chambers's argument that his running of a legitimate law practice makes it less likely that he had corrupt intent to bribe Villanueva is precisely the type of propensity inference that Rule 404(b)(1) is intended to prohibit. Accordingly, the district court did not abuse its discretion in excluding evidence of the conversation that Christina Chambers, and not Chambers, had with an apparent new potential client two years after the charged conspiracy.

\* \* \*

We have considered Chambers's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk